# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

ROBERT CHARLES JUSTIN PORTER
and EVA ANDREA PORTER, on behalf
of themselves and all others similarly
situated,

        Plaintiffs,

v.                                    Case No. 6:13-cv-555-Orl-37GJK

CHRYSLER GROUP LLC,

        Defendant.

## ORDER

This cause is before the Court on the following:

1. First Amended Complaint (Doc. 8), filed April 30, 2013;

2. Defendant Chrysler Group LLC's Motion to Dismiss Plaintiffs' First Amended Complaint, Alternative Motion to Strike, and Incorporated Memorandum of Law (Doc. 28), filed May 30, 2013;

3. Plaintiffs' Opposition to Motion to Dismiss First Amended Complaint, Alternative Motion to Strike and Incorporated Memorandum of Law (Doc. 29), filed June 17, 2013; and

4. Defendant Chrysler Group LLC's Reply in Support of Its Motion to Dismiss Plaintiffs' First Amended Complaint and Alternative Motion to Strike (Doc. 36), filed June 25, 2013.

Upon review, the Court finds that the motion to dismiss is due to be granted in part and denied in part, for the reasons set forth below.

**BACKGROUND**

Plaintiffs are owners of Dodge Ram trucks manufactured and distributed by Defendant. (Doc. 8, ¶ 2.) They brought this class action suit against Defendant for breach of warranty and a violation of the Magnuson-Moss Warranty Act ("MMWA"), alleging that the multi-displacement systems ("MDS") of the trucks are defective and that Defendant has failed to repair them as the warranty promises. (*Id.* ¶ 1.)

Plaintiffs rely on two express warranties: (1) the Basic Limited Warranty, which covers all parts of the truck and lasts for three years or 36,000 miles (Doc. 8-1, pp. 9–11); and (2) the Powertrain Limited Warranty, which covers only certain listed parts and lasts for five years or 100,000 miles (*id.* at 13–16). The First Amended Complaint largely refers to the Powertrain warranty, expressly alleges breach of that warranty, and defines the proposed class by that warranty. (Doc. 8, ¶¶ 37, 39, 44, 54–55.) However, when the First Amended Complaint actually quotes the warranty, it refers to the Basic warranty—though, confusingly, quotes it as if part of the Powertrain warranty. (*Id.* ¶ 54 ("Plaintiffs' vehicle, like all the subject vehicles, are [sic] covered by Chrysler's written 5 year/100,000 mile Powertrain Limited Warranty, which . . . provides, in pertinent part, that: 'The Basic Limited Warranty covers the cost of all parts and labor . . . .'").)

Defendant now moves to dismiss the First Amended Complaint, arguing that: (1) it fails to identify a defect covered by the Powertrain warranty or any defect at all; (2) it does not allege that Defendant refused to repair the trucks, only that Defendant has yet to come up with a fix; (3) the MMWA claim fails for lack of required pre-suit notice; and (4) the Court should strike Plaintiffs' request that Defendant pay to notify the class. (Doc. 28.) Plaintiffs oppose, contending that: (1) Defendant admitted that the

2

defect is covered by the warranty, and in any case, Plaintiffs are not required to specifically identify the defect; (2) Defendant has actually failed to repair the trucks; (3) Defendant misreads the pre-suit notice requirement of MMWA; and (4) the issue of who pays to notify the class is better taken up on summary judgment. (Doc. 29.) The Court granted Defendant leave to reply to address the discrepancy between the Basic and Powertrain warranties. (Doc. 33.) Defendant argues that the First Amended Complaint fails to allege that the defective part is covered by the Powertrain warranty, which Defendant contends is the true subject of the claim, rather than the Basic warranty. (Doc. 36.) This matter is now ripe for the Court's adjudication.

## STANDARDS

Federal Rule of Civil Procedure 8(a)(2) provides that a claimant must plead "a short and plain statement of the claim." On a motion to dismiss, the Court limits its consideration to "the well-pleaded factual allegations." *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004). The factual allegations in the complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In making this plausibility determination, the Court must accept the factual allegations as true; however, this "tenet . . . is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A pleading that offers mere "labels and conclusions" is therefore insufficient. *Twombly*, 550 U.S. at 555.

## DISCUSSION

### I.     Identification of the Defect

Defendant's motion relies largely on the argument that because Plaintiffs only identify "symptoms" of the defect, rather than the precise defect itself, the First Amended Complaint fails to state a claim. (Doc. 28, p. 8.) The Court disagrees. At this

3

stage, Plaintiffs are not required to specifically plead the details of the defect, as information asymmetry is very much present before discovery. *See Bailey v. Janssen Pharmaceutica, Inc.*, 288 F. App'x 597, 605 (11th Cir. 2008) ("It is difficult for a plaintiff at this stage in the litigation to know the source of the defect that was responsible for the harm caused . . . ."). If Defendant cannot even figure out what is wrong with the trucks with its superior knowledge of their manufacture and design, then the Court cannot expect Plaintiffs to be able to specifically identify the defect at this time. It is enough that Plaintiffs allege that the MDS is defective and that it is covered by the warranties.[1] *See Krywokulski v. Ethicon, Inc.*, No. 8:09-CV-980-T-30MAP, 2010 WL 326166, at *3 (M.D. Fla. Jan. 21, 2010) (Moody, J.) ("Plaintiff's allegation of a defect alone is sufficient, as mere knowledge of a defect gives defendant enough notice to produce a proper response . . . .").

That being said, the Court agrees with Defendant that the First Amended Complaint's references to Basic and Powertrain warranties are confusing and unclear. (*See* Doc. 36.) Plaintiffs may allege that the defect is covered by the Basic warranty, or the Powertrain warranty, or both, but they must do so explicitly and in separate counts so that Defendant can adequately prepare an answer. As pled, the Court could not ask Defendant to intelligently respond to a paragraph which states that Defendant breached one warranty but quotes another. (*See* Doc. 8, ¶ 54.) Therefore, the First Amended Complaint is due to be dismissed with leave to amend to remedy this ambiguity.[2]

---

[1] The Court finds Defendant's argument that Plaintiffs fail to adequately allege breach to be similarly unavailing. (Doc. 28, pp. 10–11.) Plaintiffs have sufficiently alleged that the MDS is covered by the warranty, they have complained about the MDS, and the MDS has not been fixed. (Doc. 8, ¶¶ 28–36.) This is enough to state a breach.

[2] The Court notes, however, that it considers the pleading to be deficient in form, not substance. As discussed above, Defendant's argument that Plaintiffs must

**II.     MMWA**

The MMWA provides:

> No action (other than a class action . . .) may be brought under subsection (d) of this section for failure to comply with any obligation under any written or implied warranty or service contract, and a class of consumers may not proceed in a class action under such subsection with respect to such a failure except to the extent the court determines necessary to establish the representative capacity of the named plaintiffs, unless the person obligated under the warranty or service contract is afforded a reasonable opportunity to cure such failure to comply. In the case of such a class action . . . , such reasonable opportunity will be afforded by the named plaintiffs and they shall at that time notify the defendant that they are acting on behalf of the class.

15 U.S.C. § 2310(e). The plain language of this provision makes clear that an individual plaintiff must notify the defendant before filing suit so as to provide a reasonable opportunity to cure. However, representative plaintiffs may file a class action suit—*without* first notifying the defendant that they are proceeding as a class—so that the Court can determine the named plaintiffs' representative capacity; once that determination is made, the suit cannot then go forward until the defendant has a reasonable opportunity to cure. *See, e.g.*, *Walsh v. Ford Motor Co.*, 807 F.2d 1000, 1004 (D.C. Cir. 1986) ("The Act also provides that a plaintiff may *file* a class action, but may not *proceed* with that action, until she has afforded the defendant a reasonable opportunity to cure its alleged breach. While the class action is held in abeyance pending possible cure, the district court may rule on the representative capacity of the named plaintiffs . . . ."); *In re Porsche Cars N. Am., Inc.*, 880 F. Supp. 2d 801, 824–25 (S.D. Ohio 2012) (conducting an in-depth analysis of the statutory language and

---

specifically identify a defect in a part covered by the Powertrain warranty is not well-taken. Plaintiffs may simply plead that there is a defect and that it is covered by the warranty—the second amended complaint need only make clear which warranty is at issue in each count.

5

concluding that the MMWA does not require pre-suit notice of the class, only that a previously filed class action cannot proceed until the defendant is given an opportunity to cure).[3] As such, Plaintiffs were not required to notify Defendant that they were proceeding on behalf of a class prior to filing this suit, and that part of Defendant's motion is due to be denied.

### III.  Cost of Class Notification

As to the question of who will bear the cost of notifying the potential class, that determination is premature. While the usual rule is for class action plaintiffs to pay that cost, there are certain exceptions dependent on what happens later in the litigation—as Defendant acknowledges. (Doc. 28, p. 13 n.7.) This issue may therefore be raised again at an appropriate stage. That portion of Defendant's motion is due to be denied without prejudice.

### CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Defendant Chrysler Group LLC's Motion to Dismiss Plaintiffs' First Amended Complaint, Alternative Motion to Strike, and Incorporated Memorandum of Law (Doc. 28) is **GRANTED IN PART AND DENIED IN PART**.

2. First Amended Complaint (Doc. 8) is **DISMISSED WITHOUT**

---

[3] *Porsche Cars*, 880 F. Supp. 2d at 825, distinguishes as outliers the three cases that Defendant cites in support of its position that pre-suit notice of the class is required: *Rehberger v. Honeywell Int'l, Inc.*, No. 3:11-0085, 2011 WL 780681, at *11 (M.D. Tenn. Feb. 28, 2011); *Bearden v. Honeywell Int'l Inc.*, 720 F. Supp. 2d 932, 936 (M.D. Tenn. 2010); and *Stearns v. Select Comfort Retail Corp.*, No. 08-2746 JF (PVT), 2009 WL 4723366, at *10 (N.D. Cal. 2009). (Doc. 28, pp. 1–12.) This Court agrees with the *Porsche Cars* court that those cases are inapposite, in that they conflict with the plain language of the statute.

**PREJUDICE**.

3. Plaintiffs have leave to file a second amended complaint that complies with the directives in this Order on or before Wednesday, **August 14, 2013**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on July 25, 2013.

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record

7