**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

ROBERT CHARLES JUSTIN PORTER
and EVA ANDREA PORTER, on behalf
of themselves and all others similarly
situated,

        Plaintiffs,

v.                                                           Case No. 6:13-cv-555-Orl-37GJK

CHRYSLER GROUP LLC,

        Defendant.

**ORDER**

This cause is before the Court on the following:

1. Defendant Chrysler Group LLC's Motion [to] Compel Arbitration and Dismiss or Stay Case and Incorporated Memorandum of Law (Doc. 48), filed October 21, 2013;

2. Plaintiffs' Opposition to Defendant Chrysler Group LLC's Motion to Compel Arbitration and Dismiss or Stay Case (Doc. 51), filed November 7, 2013;

3. Defendant Chrysler Group LLC's Emergency Motion to Stay (Doc. 58), filed November 15, 2013;

4. Defendant Chrysler Group LLC's Amended Reply Brief in Support of Its Motion to Compel Arbitration and Dismiss or Stay Case (Doc. 61), filed November 22, 2013; and

5. Plaintiffs' Opposition to Defendant Chrysler Group LLC's Motion to Stay (Doc. 64), filed December 2, 2013.

Upon consideration, the Court finds that Defendant's motion to compel is due to be denied

in part.

## BACKGROUND

This Magnuson-Moss Warranty Act ("MMWA") claim arose when Plaintiffs bought an allegedly defective truck from a Chrysler dealership. (Doc. 40, ¶ 2.) The warranty provided by Defendant did not mention arbitration as it related to Plaintiffs.[1] (Doc. 8-1.) However, at the time of purchase, Plaintiffs signed a separate "Arbitration Clause" agreeing to arbitrate any claims against the dealership or related third parties. (Doc. 48-1.)

Defendant now moves to compel arbitration, arguing that it is a third-party beneficiary of that agreement. (Doc. 48.) It also moves to stay this case pending consideration of this motion. (Doc. 58.) Plaintiffs opposed both motions. (Docs. 51, 64.) Defendant replied in support of its motion to compel. (Doc. 60.) This matter is ripe for the Court's adjudication.

## STANDARDS

The Federal Arbitration Act provides that arbitration agreements are presumed to be valid and enforceable. 9 U.S.C. § 2. However, Congress may limit the use of such agreements in particular statutes. *See Shearson/Am. Express, Inc. v. McMahon*, 482 U.S. 220, 226 (1987). It did so in the MMWA, which requires disclosure of information regarding "any informal dispute settlement procedure" in the warranty itself. 15 U.S.C. § 2302(a)(8). The U.S. Court of Appeals for the Eleventh Circuit has accordingly held that the "failure to disclose in the warranty a term or clause requiring the [plaintiffs] to utilize

---

[1] The warranty does mention arbitration as it relates to purchasers in states other than Florida. (Doc. 8, p. 36.) However, this information is inapplicable to the instant Plaintiffs. (*See* Doc. 2, ¶ 2 (noting that Plaintiffs bought their truck and reside in Florida).)

an informal dispute resolution mechanism runs afoul of the disclosure requirements of the Magnuson-Moss Warranty Act." *Cunningham v. Fleetwood Homes of Ga., Inc.*, 253 F.3d 611, 624 (11th Cir. 2001). Thus, in an MMWA case, a third-party beneficiary cannot enforce an arbitration agreement if the terms of the agreement are not disclosed within the warranty. *See id.* (affirming the district court's denial of a third-party manufacturer's motion to compel because the dealer's arbitration agreement was separate from the warranty).

## DISCUSSION

The Court is quite troubled by Defendant's utter failure to cite to *Cunningham*, which plainly controls the disposition of this motion.[2] Defendant belatedly—and improperly—attempted to distinguish *Cunningham* in its motion for leave to file a reply, in which it pointed to *Davis v. Southern Energy Homes, Inc.*, 305 F.3d 1268 (11th Cir. 2002).[3] (Doc. 52.) However, *Davis* does nothing to recede from *Cunningham*, so this argument is unavailing.

*Cunningham* explicitly declined to address "whether warrantors may include binding arbitration provisions in the warranty itself." 253 F.3d at 623–24. However, *Davis* was presented with that precise question and answered it in the affirmative. 305 F.3d at 1272 ("[W]e conclude that the MMWA permits the enforcement of valid binding arbitration agreements *within written warranties*." (emphasis added)). Therefore, *Davis* is inapposite

---

[2] Because this motion turns on the application of *Cunningham*, the Court need not address Plaintiffs' waiver and estoppel arguments. (*See* Doc. 51, pp. 8–20.)

[3] Plaintiff also cites *Patriot Manufacturing, Inc. v. Dixon*, 399 F. Supp. 2d 1298, 1303 (S.D. Ala. 2005), for the proposition that *Cunningham* is no longer good law in the Eleventh Circuit. (Doc. 52.) However, this Court must disagree in light of the fact that *Davis* expressly distinguished *Cunningham*, leaving its holding intact. *Davis*, 305 F.3d at 1272 n.1.

here, where the arbitration agreement was separate from and not referenced in the warranty; *Cunningham* thus controls.

Because the arbitration agreement was not contained within the warranty, it "runs afoul of the disclosure requirements" of the MMWA and cannot be enforced here. *See Cunningham*, 253 F.3d at 624. Defendant's motion to compel the MMWA claim is due to be denied. As such, Defendant's motion to stay the case pending disposition of the motion to compel is also due to be denied.

The Court notes that this ruling is made solely on the basis of the MMWA claim. The Court makes no findings with regard to the arbitrability of Plaintiffs' state law breach of warranty claims in the absence of arbitration of the MMWA claim, as this issue was not fully briefed by the parties. The part of the motion seeking to compel arbitration of those claims is therefore due to be taken under advisement pending further briefing.

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Defendant Chrysler Group LLC's Motion [to] Compel Arbitration and Dismiss or Stay Case and Incorporated Memorandum of Law (Doc. 48) is **DENIED IN PART AND TAKEN UNDER ADVISEMENT IN PART**.

    a. The part of the motion seeking to compel arbitration of the MMWA claim is **DENIED**.

    b. The part of the motion seeking to compel arbitration of the state law breach of warranty claims is **TAKEN UNDER ADVISEMENT**.

    c. On or before Monday, January 6, 2014, Defendant is **DIRECTED** to file a supplemental brief addressing the issue of whether the state

        law claims should be arbitrated, in light of the denial of the motion to compel arbitration of the MMWA claim.

    d.    On or before Thursday, January 23, 2014, Plaintiffs are **DIRECTED** to respond to Defendant's supplemental brief.

2. Defendant Chrysler Group LLC's Emergency Motion to Stay (Doc. 58) is **DENIED**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on December 19, 2013.

*[signature]*

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record