**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

ROBERT CHARLES JUSTIN PORTER
and EVA ANDREA PORTER, on behalf
of themselves and all others similarly
situated,

        Plaintiffs,

v.                                          Case No. 6:13-cv-555-Orl-37GJK

CHRYSLER GROUP LLC,

        Defendant.

## ORDER

This cause is before the Court on the following:

1. Defendant Chrysler Group LLC's Motion to Dismiss Plaintiffs' Second Amended Complaint, or, Alternatively, the Class Allegations and Incorporated Memorandum of Law (Doc. 42), filed September 3, 2013; and

2. Plaintiffs' Opposition to Defendant Chrysler Group LLC's Motion to Dismiss Plaintiffs' Second Amended Complaint, or Alternatively, the Class Allegations (Doc. 46), filed September 20, 2013.

Upon consideration, the Court finds that Defendant's motion is due to be denied.

## BACKGROUND

This breach of warranty class action is currently on its third round of pleading. (Doc. 40.) In the latest iteration of the complaint, the named Plaintiffs allege that they purchased a Dodge Ram truck with a defective multi-displacement system ("MDS") and that Defendant has breached its warranties by failing to repair the MDS. (*Id.* ¶ 2.) Plaintiffs further allege that the defective MDS is present in other vehicles powered by a "5.7 L

Hemi 8-cylinder engine" which are also manufactured by Defendant; they seek to bring the action on behalf of that purported class of vehicle owners. (*Id.* ¶ 1.)

Defendant now moves to dismiss, arguing that the Second Amended Complaint fails to specifically identify the defect and that the named Plaintiffs lack standing to represent the identified class. (Doc. 42.) Plaintiffs oppose. (Doc. 46.) This matter is ripe for the Court's adjudication.

## STANDARDS

### I.   Failure to State a Claim

Federal Rule of Civil Procedure 8(a)(2) provides that a claimant must plead "a short and plain statement of the claim." On a motion to dismiss, the Court limits its consideration to "the well-pleaded factual allegations." *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004). The factual allegations in the complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In making this plausibility determination, the Court must accept the factual allegations as true; however, this "tenet . . . is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A pleading that offers mere "labels and conclusions" is therefore insufficient. *Twombly*, 550 U.S. at 555.

### II.   Standing

For a plaintiff to have standing, he must demonstrate: (1) a concrete, actual injury-in-fact; (2) a causal connection between the injury and the defendant's conduct; and (3) a likelihood that the injury can be redressed. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). The amount of proof required to establish standing varies with the progression of the litigation. *See id.* at 561 ("Since [the standing elements] are not mere

pleading requirements but rather an indispensable part of the plaintiff's case, each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.,* with the manner and degree of evidence required at the successive stages of the litigation."). "To have standing to sue as a class representative it is essential that a plaintiff must be a part of that class, that is, he must possess the same interest and suffer the same injury shared by all members of the class he represents." *Schlesinger v. Reservists Comm. to Stop the War*, 418 U.S. 208, 216 (1974).

## DISCUSSION

### I.   Failure to State a Claim

Defendant's argument that Plaintiffs' allegations are insufficient to identify the defect is virtually identical to the one that this Court has already addressed and explicitly rejected in its Order on the previous motion to dismiss. (Doc. 38, pp. 4–5 n.2 ("Defendant's argument that Plaintiffs must specifically identify a defect in a part covered by the Powertrain warranty is not well-taken.").) That part of Defendant's motion (Doc. 42, pp. 13–16) is thus due to be summarily denied for the reasons stated in that Order. *See also Krywokulski v. Ethicon, Inc.*, No. 8:09-CV-980-T-30MAP, 2010 WL 326166, at *3 (M.D. Fla. Jan. 21, 2010) (Moody, J.) ("Plaintiff's allegation of a defect alone is sufficient, as mere knowledge of a defect gives defendant enough notice to produce a proper response . . . .").

### II.   Standing

Defendant also argues that the named Plaintiffs lack standing to represent the identified class because the purported class includes owners of vehicles other than the Dodge Ram that the named Plaintiffs purchased. (Doc. 42, pp. 7–13.) On the basis of the

pleadings, the Court disagrees and finds that Plaintiffs have sufficiently alleged standing.

The named Plaintiffs' alleged injury is that the MDS in their vehicle is defective. (Doc. 40, ¶ 2.) They also allege that the same defective MDS is present in other vehicles. (*See id.* ¶ 1 (stating that the vehicles are all powered by a particular type of engine, which is equipped with the allegedly defective MDS).) As the named Plaintiffs aver that their injury is the same as the proposed class members' injury, they have adequately pled that they have standing to bring this action on behalf of the purported class.[1] *See Schlesinger*, 418 U.S. at 216 (noting that a class representative must "suffer the same injury" as the class members to have standing); *Lujan*, 504 U.S. at 561 ("At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice.").

Of course, as the litigation progresses, the named Plaintiffs will have to show by a higher standard of proof that they have Article III standing to raise the class claims before the Court can consider whether they adequately represent the proposed class. *See Prado-Steiman ex rel. Prado v. Bush*, 221 F.3d 1266, 1279 (11th Cir. 2000) ("[P]rior to the certification of a class . . . , the district court must determine that at least one named class representative has Article III standing to raise each class subclaim."); *see also Griffin v. Dugger*, 823 F.2d 1476, 1482 (11th Cir. 1987) (noting that "any analysis of class certification must begin with the issue of standing"). However, Plaintiffs need not prove that up now; such fact-intensive Article III standing inquiry is better suited to the class-certification stage.[2] *See Murray v. Auslander*, 244 F.3d 807, 810 (11th Cir. 2001) (noting

---

[1] Defendant's reliance on *Blum v. Yaretsky*, 457 U.S. 991, 996 (1982), is misplaced, as that case was decided at the class-certification stage, not the motion-to-dismiss stage. (Doc. 42, pp. 8–9.)

[2] Defendant seemingly acknowledges the fact-intensive nature of the inquiry by arguing that the MDS in the named Plaintiffs' truck is significantly different than the MDS

that standing in class actions is a fact-specific inquiry); *cf. Clancy v. Bromley Tea Co.*, No. 12-cv-3003-JST, 2013 WL 4081632, at *4 (N.D. Cal. Aug. 9, 2013) (Tigar, J.) (declining to dismiss a class action on standing grounds even though the purported class related to products that the named plaintiff did not purchase, and noting that "the question of whether a proposed class can bring claims related to other products is an issue properly addressed at the class certification stage"). At that time, the Court can also take up the related issue of typicality. *See Murray*, 244 F.3d at 811 ("A class representative must possess the same interest and suffer the same injury as the class members in order to be typical . . . .").

Therefore, that part of Defendant's motion (Doc. 42, pp. 7–13) is due to be denied without prejudice. The issue of standing will be revisited at the appropriate time.

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Defendant Chrysler Group LLC's Motion to Dismiss Plaintiffs' Second Amended Complaint, or, Alternatively, the Class Allegations and Incorporated Memorandum of Law (Doc. 42) is **DENIED**.

2. Defendant is **DIRECTED** to answer the Second Amended Complaint (Doc. 40) on or before Monday, January 13, 2014.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on December 27, 2013.

---

in the other vehicles. (Doc. 42, p. 8 n.3.) If that is indeed the case, that factual question certainly cannot be taken up at this stage, when the Court is looking only at the pleadings. Plaintiffs have pled that the MDS are the same, and that is enough for now.

                                                                   ROY B. DALTON JR.
                                                                    United States District Judge

Copies:

Counsel of Record